## COMMONWEALTH *vs.* GEORGE PENNIMAN.

A complaint was made in this form : " F., on oath, complains against P., at M., on the first of February in the year 1844, did sell to C. one glass of spiritous liquor," &c. *Held,* that the word " against " might be rejected as surplusage, and that the complaint, without that word, was sufficient.

When a complaint alleges that an offence was committed " on the 1st day of February in the year 1844," it is no valid objection thereto, that it is dated " the 5th day of February 1844," without the word *year.*

The following complaint was made to a justice of the peace: " Stephen F. Fowler of Quincy, in the county of Norfolk, on oath complains against George Penniman of Milton, in the county of Norfolk, innholder, at Milton aforesaid, on the first

day of February, in the year one thousand eight hundred and forty four, did sell to one Matthew Carroll one glass of spiritous liquor, to be by him the said Carroll then and there used, consumed and drank, in the dwelling-house of him the said Penniman there situated, and by him used and occupied, he the said Penniman not being then and there duly licensed, according to law, to be an innholder and common victualler, with authority to sell wine, rum, brandy, and other spiritous liquors, but was then and there duly licensed, according to law, to keep an inn, without authority to sell any intoxicating liquors; against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided.

" He therefore prays that said George Penniman may be apprehended and held to answer to said complaint, and dealt with, relative to the same, as law and justice may require. Dated at Quincy, in said county, the fifth day of February, one thousand eight hundred and forty four. Stephen F. Fowler."

This complaint was sworn to by said Fowler, " February 5th A. D. 1844," as appeared by the certificate thereon, signed by the justice to whom it was made.

At the trial in the court of common pleas, before *Ward*, J " the defendant objected, that the complaint was informal and insufficient in law; that it was unmeaning, unless the woid ' against,' after the word ' complains,' was suppressed, and the word ' that' substituted ; or unless other material words were suppressed or interpolated, one or both. But the judge ruled that the complaint was sufficient. The defendant objected, that it did not appear, by the complaint, who ' did sell,' or that any person ' did sell; ' or, if a sale was made, when or at what time that sale was made. But the judge ruled that, in these particulars, the complaint was sufficient." The jury thereupon found the defendant guilty, and he alleged exceptions to said rulings.

*Gourgas*, for the defendant.

*Wilkinson*, (District Attorney,) for the Commonwealth.

DEWEY, J. Is this complaint defective, in not alleging directly that the defendant committed the acts which constitute

the offence with which the government seeks to charge him ?
No doubt the rules of criminal law require that, in cases like
the present, the offence should be specifically charged, and es-
pecially that the person, by whom the offence is alleged to have
been committed, should be certainly and plainly charged with
being the actor in the offence. The inquiry is, whether, in the
present case, there be any defects in these particulars. The
supposed defect, and want of precision and directness in the
allegations in the complaint, principally arise from the intro-
duction of the word "against" in the following sentence :
" Stephen F. Fowler, upon his oath, complains *against* George
Penniman, at Milton aforesaid, on the first day of February, in
the year one thousand eight hundred and forty four, did sell to
one Matthew Carroll one glass of spiritous liquor," &c. If we
strike out the word "against," the charge would seem clearly
and distinctly made, that the defendant did sell to said Carroll
the spiritous liquor, &c. May this word "against" be rejected
as surplusage ? It being no part of the offence charged, or de-
scription of the person charged, within the principles which seem
well settled, we think it may be thus rejected. We have a
strong precedent for this in the case cited by the district attorney,
*The King* v. *Redman,* 2 Leach, (3d ed.) 536, where it was
held that an indictment might be made good by rejecting, as in
sensible and useless, such words as obstruct the sense of it. In
that case, the intention was to charge the party with receiving
stolen goods, knowing them to have been stolen, and the indict-
ment alleged that the said Redman " the said goods and chat-
tels, so stolen, feloniously did receive and have, he the said
Redman then and there well knowing the said goods and chat-
tels *to have* feloniously stolen," &c. The case was submitted
to the twelve judges, who held that the indictment might be
supported, by rejecting, as insensible, the words " to have," and
then the indictment would read thus : " the said Redman then
and there well knowing the said goods and chattels feloniously
stolen, taken and carried away." ·

There are several reported cases decided by this court, in
which words set forth in an indictment have, upon the trial,

44 *

been rejected as surplusage In *Commonwealth* v. *Pray*, 13 Pick. 359, a very considerable portion of the whole allegation in the indictment was allowed to be rejected as surplusage, and a conviction was held good on the residue, it appearing, after such expurgation, that an offence was well charged. In *Turns* v. *Commonwealth*, 6 Met. 225, where the indictment alleged "that F. *with* a stone, which he the said F. in his right hand then and there had and held, in and upon the head of him the said L. then and there feloniously did cast and throw," the word "with" was rejected as surplusage, and the charge was then held to be, that "F. a stone, which he in his right hand then and there had and held, then and there did cast an: throw," &c. So in a case where the indictment charged ar. innholder with suffering "persons to play at cards and other unlawful games," the words "unlawful games" were rejected as surplusage. *Commonwealth* v. *Bolkom*, 3 Pick. 281. Also where the indictment charged the defendant with permitting persons to play "at the game of cards," the word "game" was rejected as surplusage. *Commonwealth* v. *Arnold*, 4 Pick. 251 And the word "feloniously," a word of technical import, and essential in giving a character to a proper accusation of a felonious act, may yet be rejected as surplusage, when insensibly and improperly introduced in connexion with an allegation of certain acts done by the defendants, which manifestly do not amount to a felony. *Commonwealth* v. *Squire*, 1 Met. 258.

A further exception was taken to the complaint, as to the time when the offence was charged. The complaint alleges it to have been done "on the first of February, in the year one thousand eight hundred and forty four." This is clearly quite sufficient. It is true that, in giving a date to the complaint, the word "year" is omitted ; but that furnishes no legal objection. The complaint itself alleges the time of the commission of the offence with precision.     *Exceptions overruled.*